# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 99-784 |
| v. | : | CIVIL ACTION |
| LEE ALLEN BASS, | : | NO. 12-855 |
| Defendant. | : | |

**DuBOIS, J.**                                                                                                  **June 6, 2012**

## M E M O R A N D U M

### I. INTRODUCTION

Defendant Lee Allen Bass pled guilty on April 20, 2000, to one count of possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841. At sentencing, the Court determined that defendant was a career offender under the United States Sentencing Guidelines ("USSG" or "Guidelines") based on two previous state narcotics convictions and sentenced defendant to 262 months in prison. In November 2009, the New Jersey Superior Court vacated one of defendant's state-court convictions at the request of the New Jersey Attorney General. Thereafter, on November 3, 2011, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Defendant's § 2255 Motion") seeking a reduction in his sentence in light of the vacatur of the New Jersey conviction.

The government filed a Motion to Dismiss Section 2255 Petition as Untimely. Defendant responded, and the government filed a reply. For the reasons that follow, the Court denies the Government's Motion to Dismiss.

## II. BACKGROUND

### A. Sentencing as Career Offender and Vacatur of State Conviction

This Court sentenced defendant to 262 months' imprisonment on February 13, 2001, and entered judgment on February 20, 2001. At sentencing, the Court concluded that defendant was a career offender under USSG § 4B1.1 based on two prior state-court convictions involving intent to distribute illegal drugs: First, defendant was arrested in New Jersey and charged with possession of crack cocaine with intent to distribute in 1994. He pled guilty to that offense in New Jersey Superior Court in 1996 ("New Jersey Conviction"). (Presentence Report, Oct. 5, 2000, at 9; Sentencing Tr., Feb. 13, 2001, at 11.) Second, defendant was arrested in Delaware and charged with possession with intent to deliver cocaine in 1995. He pled guilty in Delaware Superior Court that same year ("Delaware Conviction"). (Id.)

In February 2001, then–New Jersey Attorney General John J. Farmer, Jr., acknowledged that the New Jersey State Police had engaged in a widespread pattern of racial profiling. Iver Peterson & David M. Halbfinger, New Jersey Agrees to Pay $13 Million in Profiling Suit, N.Y. Times, Feb. 3, 2001. Because of this, Attorney General Farmer agreed to dismiss seventy-seven criminal cases in which the defendants were seeking to suppress evidence obtained during traffic stops allegedly based on racial profiling. Id. Defendant's New Jersey Conviction was not among those cases, but eight years later, on November 9, 2009, the New Jersey Superior Court vacated defendant's New Jersey Conviction upon request of the New Jersey Attorney General.[1] The decision to vacate defendant's New Jersey Conviction was based on a determination that the

---

[1] The indictment number in the caption of the New Jersey vacatur Order is different from the corresponding indictment number listed in the Presentence Report that was prepared for this Court's 2001 sentencing. However, the parties do not dispute that defendant's New Jersey Conviction was vacated on November 9, 2009.

traffic stop that led to defendant's conviction was tainted by the same pattern of racial profiling identified in 2001.

**B. Procedural History of Defendant's § 2255 Motion**

On May 12, 2006, defendant filed his first habeas motion under 28 U.S.C. § 2255 pro se, in which he argued that his counsel was ineffective. Defendant did not challenge the Court's career-offender determination. After an evidentiary hearing, the Court denied that motion as untimely on December 22, 2006. United States v. Bass, No. 99-784, 2006 WL 3825151 (E.D. Pa. Dec. 22, 2006). The Third Circuit affirmed. United States v. Bass, 268 F. App'x 196 (3d Cir. 2008)

On April 10, 2009, defendant, through counsel, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("April 10, 2009, Motion"). In that motion, defendant argued that he should be resentenced because the United States Sentencing Commission had reduced the Guidelines' base offense level for possession of cocaine base ("crack") with intent to distribute and made such reduction retroactive. The Court denied that motion on April 17, 2009, because it concluded that, given defendant's status as a career offender, his total offense level remained the same despite the reduction.

Defendant, through counsel, filed a Notice of Appeal in the Third Circuit seeking to appeal the Court's denial of his April 10, 2009, Motion. However, upon discovering Third Circuit precedent that precluded the Court from granting his April 10, 2009, Motion, defendant withdrew his appeal. The Third Circuit issued an Order dismissing his appeal on December 29, 2009.

Almost ten months later, on October 19, 2010, defendant, through counsel, filed a Motion for Leave to File a Successive Motion Pursuant to 28 U.S.C. § 2255 ("October 19, 2010,

Motion"). This motion was filed in the Third Circuit under the same docket number as his appeal of this Court's denial of his April 10, 2009, Motion. However, the October 19, 2010, Motion was unrelated to the April 10, 2009, Motion. Rather, defendant argued in the October 19, 2010, Motion that the Third Circuit should grant him leave to file a successive habeas motion under § 2255 because the vacatur of his New Jersey Conviction meant that he was no longer a career offender under the Guidelines, and thus, that his sentence should be reduced. Three days later, on October 22, 2010, the Clerk of Court for the Third Circuit issued a Memorandum stating,

> No action will be taken on the foregoing motion. A motion under 28 U.S.C § 2244 for an order authorizing the district court to consider a second or successive application for habeas relief is an original proceeding that must be filed in hard copy with the Clerk's Office. Once filed, the motion will receive its own case number and will proceed independently from any prior appeal.

Defendant avers that he did not learn of the Third Circuit's Memorandum until months later, after his counsel asked the Third Circuit about a ruling on the October 19, 2010, Motion. When he learned that the Third Circuit was not going to take action on his October 19, 2010, Motion, defendant, through counsel, filed a separate Motion for Leave to File a Successive Motion Pursuant to 28 U.S.C. § 2255 on November 3, 2011, under a new case number in the Third Circuit in which he made an argument identical to that in his October 19, 2010, Motion. On January 26, 2012, the Third Circuit issued an Order concluding that leave to file a successive habeas motion was not required because "it appears that [defendant's] proposed § 2255 motion rests on facts that were not available when he filed his first § 2255 motion in federal court," and in that case, "the proposed motion would not be 'second or successive' under 28 U.S.C. § 2255(h)." The January 26, 2012, Order then directed the Clerk of Court for the Third Circuit to transfer the motion to this Court "for further proceedings pursuant to § 2255."

4

## III. DISCUSSION

In its Motion to Dismiss, the government makes two arguments. First, the government argues that Defendant's § 2255 Motion is untimely. Second, the government argues that it is a second or successive habeas motion that is barred by 28 U.S.C. § 2255(h) because it is based upon newly discovered evidence but that such evidence is not sufficient to establish by "clear and convincing evidence that no reasonable factfinder would have found [defendant] guilty of the offense." 28 U.S.C. § 2255(h)(1). This Memorandum will address each argument in turn.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on motions under § 2255. That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Supreme Court in Johnson v. United States held that vacatur of a state conviction forming the basis of a career-criminal determination constitutes a "fact[] supporting the claim" under § 2255(f)(4). 544 U.S. 295, 308 (2005). In other words, "notice of the order vacating the predicate conviction is the event that starts the one year running." Id.

In its Motion to Dismiss, the government argues that Defendant's § 2255 Motion was untimely for two reasons: (1) it was not filed within one year of the vacatur of the New Jersey Conviction; and (2) even if it had been, defendant did not exercise due diligence in seeking to have the New Jersey Conviction vacated. This Memorandum will address these two issues in turn.

**1. Defendant's § 2255 Motion Relates Back to the October 19, 2010, Motion**

The New Jersey Superior Court vacated defendant's sentence on November 9, 2009. Defendant did not file his § 2255 Motion until almost two years later on November 3, 2011. The government argues that this renders Defendant's § 2255 Motion untimely under § 2255(f) and Johnson. Defendant argues that his § 2255 Motion relates back to October 19, 2010, the date he filed his first Motion for Leave to File a Successive Motion under 28 U.S.C. § 2255.

Under Federal Rule of Civil Procedure 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This Rule applies to habeas corpus proceedings. See Mayle v. Felix, 545 U.S. 644, 655 (2005).

In this case, the October 19, 2010, Motion sets out the same ground for relief—the vacatur of the New Jersey Conviction—as Defendant's § 2255 Motion. Thus, it is clear that the instant motion "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out" in the October 19, 2010, Motion. Fed. R. Civ. P. 15(c)(1)(B). As such, the October 19, 2010, Motion "gave notice to the [government] of the claim now being asserted," which courts have deemed the "critical issue" when deciding whether an amendment relates back to an

original pleading.[2] Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993), quoted in In re Asbestos Prods. Liability Litig., No. MDL 875, 2009 WL 2412442, at *7 (E.D. Pa. Aug. 5, 2009) (Strawbridge, M.J.). That defendant filed the October 19, 2010, Motion improperly is irrelevant, as Rule 15(c)(1)(B) clearly anticipates technical defects in the original pleading by including the clause "or attempted to be set out."[3]

The Court concludes that Defendant's § 2255 Motion relates back to the October 19, 2010, Motion, which defendant filed less than one year after his New Jersey Conviction was vacated. Thus, Defendant's § 2255 Motion is timely under Johnson and 28 U.S.C. § 2255(f)(4).

### 2. Defendant Could Not Have Discovered the Facts Underlying the Challenge to the New Jersey Conviction in the Exercise of Due Diligence

As noted above, the Supreme Court in Johnson held that the vacatur of a predicate state conviction may qualify as new evidence under 28 U.S.C. § 2255(f)(4). However, the Johnson Court placed an important limit on the use of § 2255(f)(4) in such situations. The Court held that the defendant must seek vacatur of the state conviction "with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. at 298. In Johnson, the defendant waited three years after the entry of judgment in the federal case before challenging the state convictions. Id. at 311. The Supreme Court held that this three-year delay

---

[2] The government claims that it was not aware of the October 19, 2010, Motion. However, the Certificate of Service attached to the October 19, 2010, Motion demonstrates that defendant served that motion on the government. Thus, the Court concludes that the government had notice of the claim now being asserted.

[3] Defendant's October 19, 2010 Motion was filed improperly in two respects: First, as described above, see supra Section II.B., it was not filed as an "original proceeding . . . in hard copy with the Clerk's Office." (Third Circuit Memorandum, October 22, 2010.) Rather, it was filed electronically under a related case number. Second, it did not contain a proposed § 2255 motion, as is required for motions for leave to file a second or successive motion under § 2255. However, the October 19, 2010, motion contained a full explanation of the grounds for relief that were eventually included in Defendant's § 2255 Motion.

was inexcusable; thus, the defendant had not exercised due diligence, making § 2255(f)(4) unavailable. Id.; see also In re Milton, 155 F. App'x 614, 617 (3d Cir. 2005) (five-year delay).

However, the Johnson Court stated in footnote eight,

> We further recognize that the facts underlying the challenge to the state-court conviction might themselves not be discoverable through the exercise of due diligence until after the date of the federal judgment. In such circumstances, once the facts become discoverable and the prisoner proceeds diligently to state court, the limitation period will run from the date of notice of the eventual state-court vacatur."

544 U.S. at 310 n.8. For the reasons that follow, the Court concludes that there is no evidence on the present state of the record that the pattern of racial profiling in New Jersey, and its relevance to defendant's New Jersey Conviction, was known to defendant or was discoverable through the exercise of due diligence prior to the vacatur of the New Jersey Conviction.

This case is unlike Johnson in an important respect. In Johnson, the defendant challenged his state-court convictions based on an invalid waiver of his right to counsel. Id. at 300–01. As is typical of most cases involving a challenge to a prior conviction, it appears that the defendant in Johnson discovered the grounds for challenging the predicate state-court conviction by reviewing the state-court record and conducting legal research. On the present state of the record in this case, unlike Johnson, in the absence of evidence of knowledge on the part of the defendant, and there is no such evidence, neither legal research nor review of the state-court record would have turned up a ground for vacatur because the basis for the vacatur of defendant's conviction was wholly external to the specifics of the state-court proceedings.

Regardless, the government argues that defendant could have discovered the ground for challenging his New Jersey Conviction if he had exercised due diligence. Then–Attorney General Farmer acknowledged the pattern of racial profiling in 2001, eight years before the New

Jersey Conviction was vacated. The government points out that there was no distinction between defendant's case and the seventy-seven cases that the state of New Jersey dismissed in 2001, and thus, defendant should have challenged his New Jersey Conviction upon learning of then–Attorney General Farmer's announcement.

The Court rejects the government's argument because it would place an onerous burden on criminal defendants far beyond ordinary due diligence. The government would have the Court require incarcerated defendants to scour national and local newspapers daily for announcements of generalized state policies that might affect their prior convictions. "[A]bsent some reasonable basis for concluding that the local news is likely to be a source of information at the particular time, due diligence does not require a prisoner . . . to monitor the news on a regular basis on the unlikely chance that he might learn something which would be useful to his case." Wilson v. Beard, 426 F.3d 653, 661 (3d Cir. 2005). On the present state of the record in this case, the Court concludes that there was no reasonable basis for concluding that the news was likely to be a source of information in February 2001 that would serve as grounds for vacating defendant's state convictions.

Accordingly, this case is governed by the exception in footnote eight of the Supreme Court's decision in Johnson. Because the "facts underlying the challenge to the state-court conviction [were not] themselves . . . discoverable through the exercise of due diligence," and there is no evidence that defendant had knowledge of such facts, the "limitations period [runs] from the date of notice of the . . . state-court vacatur." Johnson, 544 U.S. at 310 n.8. As explained above, defendant's filing relates back to October 19, 2010, see supra Section III.A.1, which was less than one year after the vacatur of the New Jersey Conviction. Thus, defendant's motion is timely under § 2255(f)(4) and Johnson.

**B. Second or Successive Habeas Motion**

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The question presented is whether Defendant's § 2255 Motion—in which defendant challenges a career-offender determination on the basis of a state conviction vacatur that occurred after the filing of defendant's first, unrelated habeas motion—is a "second or successive" habeas motion. The government argues that § 2255(h)(1)'s limitation on successive motions bars Defendant's § 2255 Motion because there is no evidence that defendant was innocent of the crime of which he was convicted; rather, defendant argues only that the vacatur of the New Jersey Conviction renders his sentence too long. For the reasons that follow, Defendant's § 2255 Motion is not a "second or successive" motion and thus, § 2255(h) does not apply.

At the outset, the Third Circuit has already ruled that this is not a second or successive habeas motion. In its January 26, 2012, Order transferring Defendant's § 2255 Motion to this Court, the Third Circuit stated:

> The foregoing application under 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2255 motion is denied as unnecessary. . . . [I]t appears that [defendant's] proposed § 2255 motion rests on facts that were not available when he filed his first

> § 2255 motion in federal court. If so, and we stress that the District Court is free to make further inquiries into that question, the proposed motion would not be "second or successive" under 28 U.S.C. § 2255(h).

As explained above, see supra Section III.A.2, on the present state of the record, Defendant's § 2255 Motion rests on a fact—the vacatur of the New Jersey Conviction—that was not known to him until November 9, 2009, well after defendant filed his first § 2255 motion. Thus, as stated in the Third Circuit's January 26, 2012, Order, Defendant's § 2255 Motion is not a second or successive habeas motion under § 2255(h).

Nevertheless, the government argues that the Third Circuit's determination that Defendant's § 2255 Motion is not a second or successive habeas motion was only provisional and not binding on this Court. Even accepting this interpretation of the Third Circuit's Order (which the Court rejects), the Court concludes that Defendant's § 2255 Motion is not second or successive. The January 26, 2012, Order cited two cases that the Third Circuit deemed applicable to this situation. In the first, Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), the Eleventh Circuit confronted a situation similar to this case—a habeas motion based on the vacatur of a state-court conviction that was filed years after an unrelated prior habeas motion. The opinion in that case began by noting that, "[p]articularly when a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" Id. at 860. The Stewart court then held, "Because the basis for [defendant's] Johnson claim did not exist before his proceedings on his initial § 2255 motion concluded, [defendant's] numerically second motion is not 'second or successive,' and § 2255(h)'s gatekeeping provision does not apply." Id. at 865.

11

The second case that the Third Circuit's January 26, 2012, Order cited was a 2005 Third Circuit case, Benchoff v. Colleran, which held that § 2255(h) bars only claims that could have been raised in a prior habeas motion. See 404 F.3d 812, 817 (3d Cir. 2005) ("'[A] prisoner's application is not second or successive simply because it follows an earlier federal petition.'" (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).[4] This narrow reading of § 2255(h) is in line with the reasoning in Stewart, which also declined to read "second or successive" in AEDPA literally.

The government acknowledges Stewart's application to this case but points out that the Seventh Circuit came to the opposite conclusion in Unthank v. Jett. In Unthank, the court held that a defendant's motion in a case similar to this one was a second or successive motion and thus barred by § 2255(h)'s limitation because the defendant could not prove actual innocence. 549 F.3d 534, 536 (7th Cir. 2008). Unthank is unpersuasive for a number of reasons. First, the Third Circuit did not cite Unthank in its January 26, 2012, Order and instead relied on Stewart. Second, Unthank is contrary to the Third Circuit's general holding in Benchoff that § 2255(h) should be applied narrowly. Finally, this case is distinguishable from Unthank. As the Stewart court explained in a footnote, "[t]he Seventh Circuit [in Unthank] faced what was the latest of a long series of Unthank's post-conviction challenges. He had most certainly abused the writ, and this fact informed the court's decision. There was no such abuse in this case. Stewart attempted to seek habeas relief only twice—once in 2004, and once in 2008 after he obtained the vacatur of

---

[4] In Benchoff, the Third Circuit interpreted "second or successive" with reference to the pre-AEDPA "abuse-of-the-writ doctrine." Id. at 817. Under the abuse-of-the-writ doctrine, a habeas motion would be denied "where the subsequent petition raised a habeas claim which could have been raised in an earlier petition and there was no legitimate excuse for failure to do so." Id. at 816. The Benchoff court held that a § 2255 motion was "second or successive" only if it raised claims that could have been asserted in the prior habeas motion.

his predicate state convictions." Stewart, 646 F.3d at 863 n.14 (citations omitted). Similarly, in this case, defendant has sought habeas relief only twice—once in 2006 and once in 2009 after he obtained the vacatur of his predicate state convictions. Thus, this case is more like Stewart than Unthank.

Defendant filed his first habeas motion on May 12, 2006. That was more than three years prior to the vacatur of his New Jersey Conviction. Thus, he could not possibly have included in his prior habeas motion the claim presented in the pending § 2255 motion. For this reason, the Court concludes, separate and apart from the Third Circuit's January 26, 2012, Order, that the instant motion is not a "second or successive" motion and § 2255(h) does not apply.

**IV. CONCLUSION**

For the above-stated reasons, the Court denies the Government's Motion to Dismiss.

An appropriate Order follows.